Per Curiam.
The avowant has mistaken his rights. He had no right of distress for rent. The surrender on the 19th of November, 1808, was valid, and the effect of it was to extinguish the estate of the lessee, and to pass it to the original lessor, and with the extinguishment of the estate, the rent likewise became extinct. (Shep. Touch. 299, 300.) The relationship of landlord and tenant between the parties was completely gone, and though the lessee might continue bound for the year’s rent, by reason of the express agreement in the deed of surrender, yet that was a personal responsibility founded on the agreement, and could not arise from a continuance of the contract between them as landlord and tenant. The idea of a continuance of the rights and properties of the original contract, is altogether inconsistent with the fact and the effect of the surrender.
On the other hand, the plaintiff had no right of action, a$ the avowant had a right to appropriate the wheat and rye to himself, for it belonged to him as his property. The lease to Craves was for a year, and there was no provision in it that he should take the emblements, or the growing crop, and the lav/ does not give such a right on such a lease. -The doctrine of emblements is founded on the uncertainty of the termination of the lease. The sale of the growing crop by Craves to the plaintiff was a sale of a chattel in which he had no interest. The lessor agreed to renew the lease at the end of the year, provided he did not want the farm for his own use ; but this did not alter the case, as the period of the lease was fixed, and the tenant had no interest beyond that period.
Upon a' view of the whole case, there is no right of action. The plaintiff had no property in the chattels distrained, and the avowant is entitled to a return, as the possession of his goods was *434 illegally taken from him by the replevin; and the verdict was taken for the plaintiff subject to the opinion of the court.
But the plaintiff has connected with the argument on the case, a motion in arrest of judgment, on the ground that the avowry did not set forth the title of the avowant.
The avowry was clearly defective in not alleging the estate of which the avowant was seised. (Harrison v. M'Intosh, 1 Johns. Rep. 380.) The only question that can be made is, whether it is to be held bad after pleading over by the plaintiff, and verdict taken upon an issue joined. The authorities on this point are contradictory. In Freeman v. Jugg, K. B. 12 Wm. III. (3 Salk. 307.) the defect was held to be cured by the pleading over and the verdict; but in English v. Burnell and Ingham, C. B. 5 Geo. III. (2 Wils. 258.) the judgment was arrested after verdict for this defect; and the court held it to be a case of defective title,, and not of a title defectively set forth. The latter decision is the most recent and best considered, and is founded on the best legal principles; for the verdict cannot possibly warrant the presumption that the estate of the avowant was shown to, and found by the jury. To uphold the plea after verdict is reducing the ancient and solid rule of pleading to a mere matter of form.
The judgment must, consequently, be arrested.
Judgment arrested.