GEORGE FERRUCCI, Plaintiff, *v.* JOHN J. McDERMOTT, Defendant.

Supreme Court, Oneida County, November 13, 1930.

*James & Leo O. Coupe,* for the plaintiff.

*Dunmore, Ferris & Dewey* [*W. Chase Young* of counsel], for the defendant.

DOWLING, J.   Plaintiff alleges in his complaint that on December 3, 1929, the defendant leased to him, in writing, his farm, containing 125 acres, with a large cow barn standing thereon, reserving to himself the dwelling house thereon and the right to store his automobile in said barn, for the term of one year, at the annual rental of $600, payable $50 on the third day of each month; that he, plaintiff, agreed to keep and maintain, at all times, upon the said farm, a dairy of twenty cows; that defendant agreed to give the plaintiff quiet and peaceful possession of said premises during

said term; that plaintiff entered into possession of the premises under said lease, provided the dairy called for by the terms thereof, and in the spring of 1930 planted on said farm six acres of field corn; that on the 26th of August, 1930, without any fault or blame upon the part of the plaintiff, or defendant, said cow barn was destroyed by fire, whereupon plaintiff terminated said lease and vacated said premises, the farm having become untenantable for dairy purposes, there being no barn in which to house the said dairy, and his peaceable possession having been destroyed by the loss of said barn; that plaintiff paid no further rent to the defendant; that after the said corn crop had reached maturity and was ready for harvest, plaintiff demanded of the defendant that he be allowed to cut and remove the said corn, it being his own property; that defendant refused to allow plaintiff to do so, wrongfully and unlawfully harvested the crop and appropriated it to his own use.

Plaintiff now brings this action against the defendant for damages in the amount of $150 for unlawfully and wrongfully possessing himself of said crop of corn.

The defendant moves to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

No conditions of any kind attached to the plaintiff's surrender of the lease of the premises, nor was there any agreement on the part of the defendant, at any time, that the plaintiff might have, harvest or remove said crop of corn after he had vacated said premises.

Section 227 of the Real Property Law provides as follows: " When tenant may surrender premises. Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

The parties conceded upon the argument that the lease in question contained no fire clause and that the plaintiff, under the terms of the lease, had a right to surrender the same and vacate the premises, without any further liability for the payment of rent.

There is no uncertainty as to the term of the lease, it being, according to the complaint, for one year.

Upon the destruction by fire of a building occupied by a tenant, the relation between the tenant and his landlord is dissolved, .

unless the tenant elects that it shall continue. (*Fleischman* v. *Toplitz*, 134 N. Y. 349, 352.) The plaintiff, before the maturity of said corn crop, elected to terminate the tenancy and to allow the defendant to re-enter. Such re-entry determined the estate of the plaintiff in said farm altogether, wholly revested the same in the defendant lessor, and the plaintiff divested himself of any equitable claim to emblements, as the termination of the estate resulted from his own act in dissolving the lease, which contained no provision that the plaintiff, under such circumstances, might take growing crops. (*Bain* v. *Clark*, 10 Johns. 424, 427; *Samson* v. *Rose*, 65 N. Y. 411, 416, 417; *Hetfield* v. *Lawton*, 108 App. Div. 113, 116.)

If the tenancy were uncertain, like month to month, year to year, at will or by sufferance, and in the absence of specific agreement governing disposition of emblements, the rule would be otherwise. (*Reeder* v. *Sayre*, 70 N. Y. 180, 185.)

The complaint, consequently, fails to state facts sufficient to constitute a cause of action. Motion to dismiss the same is granted, with costs.

Ordered accordingly.